UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMAUL BOYCE,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:20-cr-00217-JPB |

### ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("Report"). ECF No. 44. Having reviewed and fully considered the Report and related filings, the Court finds as follows:

### I. BACKGROUND[1]

Defendant Jamaul Boyce ("Boyce") was charged with possessing firearms after a felony conviction; possessing with the intent to distribute methamphetamine and cocaine; and possessing firearms in furtherance of a drug trafficking crime. A superseding indictment additionally charged Boyce with possessing firearms after a domestic violence conviction.

---

[1] The Report provides a comprehensive description of the relevant facts, so the Court will provide only a summary here.

The Report concerns Boyce's motions to suppress (i) evidence seized from his residence following the execution of a search warrant on June 21, 2019 ("June 21 Search"); and (ii) evidence extracted from a cellular telephone obtained during the June 21 Search.

The Magistrate Judge recommends denying both motions.

## II.   DISCUSSION

### A.   Legal Standard

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report that is the subject of a proper objection on a *de novo* basis and any portion to which there is no objection under a "clearly erroneous" standard.

A party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the

purposes of the Magistrates Act." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009).

  B. <u>Analysis</u>

    1. **Motion to Suppress Items Obtained During the June 21 Search**

During the June 21 Search, officers recovered numerous items from the apartment in which Boyce lived with his girlfriend, including a digital scale, firearms, marijuana, cocaine, methamphetamine, various prescription pills, a pill press, a bullet proof vest and four cellular telephones. The search was conducted pursuant to a warrant obtained after officers initially entered the apartment to arrest Boyce for probation violations.

The application for the search warrant stated that certain items ("illegal substances," unidentified prescription pills, a grinder and a "black firearm") were observed at the apartment in plain view during Boyce's arrest for probation violations. The application also referred to a positive canine alert for the odor of illegal substances around a vehicle that Boyce was observed driving.

Boyce claims that because each officer involved in the probation violations arrest identified only a subset of the full list of items claimed to be in plain view during the course of that arrest, the search warrant contains material misstatements

and omissions. Boyce argues that the items seized during the search must therefore be suppressed.

The Magistrate Judge disagreed and recommended denying Boyce's motion. The Magistrate Judge reasoned that it is "altogether unsurprising that, upon an abbreviated 'plain view' observation, different officers might see or remember different things." ECF No. 44 at 7-8. Moreover, the Magistrate Judge saw "no 'conflict' in the [officers'] reports for purposes of making out a *Franks* violation" and noted that "even if there [were] such a conflict, there is nothing to support the notion that the affiant . . . was aware of the different reports and deliberately or recklessly included information (or failed to include information) to hide the differences."[2] *Id*. at 8.

---

[2] In *Franks v. Delaware*, the United States Supreme Court held that
where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.
438 U.S. 154, 155–56 (1978).

The Magistrate Judge was not persuaded by the statement of Boyce's girlfriend that she never saw drugs or weapons in the home. The Magistrate Judge emphasized that Boyce must show that the affiant "deliberately and recklessly" omitted information from the affidavit. In sum, the Magistrate Judge concluded that the contrary statement of Boyce's girlfriend and the difference in the list of items identified by the officers who executed the probation violations arrest were not sufficient to meet the high standard necessary to suppress the fruits of the search.

Boyce objects to the Magistrate Judge's finding because he insists that "the fact that the items in question were ultimately recovered[] does not support a finding that they were actually observed in plain view thereby justifying the issuance of a warrant." ECF No. 48 at 1-2. Boyce argues that the items "could have been uncovered . . . during an initial illegal search of his residence and was then subsequently used as a basis for the warrant." *Id*. at 2. Boyce also contends that his girlfriend's statement that she did not observe those items in the apartment supports a finding that the items were not in plain view. He concludes that the differing officer statements and the lack of corroborating evidence for the canine sniff warranted an evidentiary hearing on his motion to suppress the evidence.

The Court agrees with the Magistrate Judge that the facts Boyce offers in support of his motion do not satisfy his burden to show that the affidavit supporting the search warrant was deliberately or recklessly false or otherwise omitted material information. The conclusion Boyce draws from the different accounts of the officers regarding what they saw is merely speculation. As the Magistrate Judge pointed out, it is reasonable that different officers remembered seeing different things (from a substantial list of items) during an abbreviated observation.

Accordingly, Boyce's objection as to the motion to suppress the items obtained during the June 21 Search is overruled.

**2.     Motion to Suppress Cellular Telephone Information**

The Magistrate Judge recommends denying Boyce's motion to suppress information obtained from a cellular telephone that officers recovered during the June 21 Search. The Magistrate Judge explained that Boyce did not establish that he used, possessed or owned the telephone and therefore did not establish that he had a protectable expectation of privacy in the information found in the telephone. Based on this conclusion, the Magistrate Judge declined to address Boyce's other arguments for suppressing the telephone information.

As the Magistrate Judge pointed out, an individual's right to privacy under the Fourth Amendment is not violated where no reasonable expectation of privacy exists. *See United States v. Ross*, 964 F.3d 1034, 1040 (11th Cir. 2020) ("[A]n individual's Fourth Amendment rights are ***not*** infringed—or even implicated—by a search of a thing or place in which he has no reasonable expectation of privacy."). As the Magistrate Judge also stated, a defendant challenging the search of a cellular telephone must show that he owned, possessed or used the telephone. *See United States v. Suarez-Blanca*, No. 1:07-cr-0023, 2008 WL 4200156, at *7 (N.D. Ga. Apr. 21, 2008) (finding that the defendant did not have "an objective expectation of privacy in [cellular telephone] information because society is not prepared to recognize a privacy interest for individuals who hold cell phones" in the name of a third party or registered in a fictitious name) (collecting cases); *United States v. Gatson*, 744 F. App'x 97, 100 (3d Cir. 2018) (affirming the denial of a motion to suppress information obtained from a cellular phone because the defendant lacked standing to bring the motion where he did not establish that he owned, possessed, or used the telephone); *United States v. Turner*, 781 F.3d 374, 382 (8th Cir. 2015) (affirming the denial of a motion to suppress cellular telephone information because the defendant did not "assert that he owned, possessed, or

used" the telephones and did not "describe any other legitimate expectation of privacy in [the] phones").

Boyce's motion to suppress and his objection to the Report are remarkable in what they do not argue: Boyce does not establish or even acknowledge that he used, possessed, or owned the telephone. Since the telephone was found in the apartment of Boyce's girlfriend, and the Government has identified the telephone as belonging to Boyce's girlfriend, the location of the telephone in the home is not sufficient to establish that Boyce used, possessed, or owned it.

As the party seeking to suppress the information obtained from the telephone, Boyce has the burden to show that he had a protected expectation of privacy in the information. *See United States v. Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006) ("The party alleging an unconstitutional search must establish both a subjective and an objective expectation of privacy."). The Court agrees with the Magistrate Judge that Boyce has not done so. Accordingly, Boyce's objection regarding the motion to suppress the information obtained from the telephone is overruled.

### III. CONCLUSION

For the above reasons and those stated in the Report, the Court **APPROVES and ADOPTS** the Report (ECF No. 44) as the order of the Court. Boyce's Motion

to Suppress Evidence (ECF No. 19); Motion to Suppress Cell Phone Evidence (ECF No. 25); and Amended Motion to Suppress Cell Phone Evidence (ECF No. 33) are **DENIED**.

**SO ORDERED** this 5th day of July, 2022.

_____
J. P. BOULEE
United States District Judge